Agnes, Peter W., J.
1. INTRODUCTION
This is a civil action to enforce a non-compete agreement between the plaintiff, Advanced Cable Ties, Inc. (“ACT”), and the defendants, David Hewes and Mountain Base Mold & Mfg., Inc. ACT seeks an injunction and damages against Hewes prohibiting his employment with Mountain Base, as well as damages against Mountain Base for tortious interference with contractual relations. ACT now moves to compel Hewes to produce various e-mail communications from 2005 and 2006, as well as produce for inspection any desktop or laptop computer that Hewes owned in 2005 and 2006.
*590 2. DISPUTED DOCUMENT REQUESTS
A. E-mail Communications from 2005 and 2006
Mass.R.Civ.P. 26(b)(1) requires that information sought during discovery be relevant and reasonably calculated to lead to admissible evidence.
ACT seeks production of e-mail communications and attachments between Hewes’ Microsoft Network Hotmail account and sixteen e-mail addresses with which he may have corresponded. Though this court recognizes that electronic documents are generally discoverable, it is also mindful that “privacy interests might become a factor in decision as the categories or items mentioned seek information that may shade into slight relevance, while possibly exposing personal relationships of no concern to legitimate investigation.” Ward v. Peabody, 380 Mass. 805, 820 (1980).
ACT’s supplemental brief in support of its motion is decidedly vague as to the focus of its electronic discovery requests, and it sheds little light on the identity of the sixteen e-mail correspondents and their particular relevance. The court will not sift through every pleading in the case to try to discern which e-mail address belongs with which witness, nor will it fill in the blanks in ACTs brief to forecast a reason for each request. Rather, ACT will be given an opportunity to: (1) identify the owner of each e-mail address; and (2) offer a more definite statement of what it hopes to learn from each contact that is reasonably likely to lead to admissible evidence.[2] Accordingly, ACTs motion to compel Hewes to honor its e-mail requests is DENIED WITHOUT PREJUDICE.
B. Desktop or Laptop Computers Owned in 2005 and 2006
Neither ACTs motion nor its supplemental brief offers any reason for probing Hewes’ personal computers. Unless ACT presents a convincing argument that the personal computers may contain relevant information that cannot be obtained by less intrusive means, it will not be permitted to inspect them. Therefore, ACT’s motion to compel Hewes to produce any computers he owned in 2005 and 2006 is DENIED WITHOUT PREJUDICE.

ORDER

For the foregoing reasons, the plaintiffs motion to compel production of documents is DENIED WITHOUT PREJUDICE.

Any order authorizing Microsoft to release information pertaining to Hewes’ Hotmail account will be circumscribed to include only communications with the e-mail addresses identified in the motion. This court will not compel the release of all 2005-2006 e-mail correspondence from the Hotmail account, which is the practical effect of the consent form that ACT’s attorney attached to his August 5 letter to Hewes’ attorney.